**CHARLOTTE COUNTY DEVELOP-MENT COMPANY and Palene Associates, Inc., Appellants,**

v.

**A. H. LIEBER, Appellee.**

**No. 25972.**

United States Court of Appeals
Fifth Circuit.

Sept. 8, 1969.

Stanley Angel, Cohen & Angel, William E. Shockett, Cohen & Angel, and Meyer, Weiss, Rose & Arkin, Miami Beach, Fla., for appellants.

Joe Creel, Creel & Glasgow, Warren Glasgow, Miami, Fla., McCarthy & Levin, Chicago, Ill., for appellee.

Before WISDOM and AINSWORTH, Circuit Judges, and JOHNSON, District Judge.

## PER CURIAM:

This is an appeal from a judgment of $7,000 entered on a jury verdict in favor of plaintiff, A. H. Lieber, in an action for damages arising from a breach of contract. Appellants, defendants below, objected to and ask this Court to review several rulings of the District Court on the admissibility of evidence, to the failure of the trial court to instruct the jury on the issue of whether the contract sued upon complied with the statute of frauds, and to the failure of the court below to declare a mistrial for alleged misconduct on the part of the jury. Only the last point merits discussion since we find no error in the District Court's ruling on the admission of evidence or the jury instructions.

The challenged conduct on the part of the jury came to the trial court's attention during the jury deliberations. One of the jurors, a Mr. Griffen, was late to the charge of the jury. It was stipulated, however, between the parties that an eleven-jury verdict would be acceptable. While the eleven jurors were deliberating, counsel for Lieber informed the Court that his client had engaged in conversation with juror Griffen after Griffen had been excused by the Court; that this conversation reflected that there had been some discussion among the jurors about the case during the course of the trial. The Court and counsel for each of the parties examined Griffen, Lieber, and the other jurors concerning this matter. The examination of these individuals reflected that the discussions, which were contrary to the specific instructions of the Court, had occurred among some of the jurors in the jury room and at lunch. The discussions, if prejudicial at all, were prejudicial to Lieber. The only remark that might be considered prejudicial to the appellants was reported as follows:

MR. GRIFFEN:

Some of them felt that possibly Mr. Angel [attorney for appellants] had taken advantage of a situation against Mr. Lieber in counseling him and yet not representing him to the fullest extent that he could as an attorney, and then sending him a bill on it. This is more or less what the general discussion was. [R. 284]

Following this inquiry by the Court, the appellants moved for a mistrial on the ground of jury misconduct. The Court denied the motion and also appellants' motion for a new trial.

A motion for a mistrial on the ground of jury misconduct is addressed to the sound discretion of the trial court. Mattox v. United States, 146 U. S. 140, 13 S.Ct. 50, 36 L.Ed. 917 (1892) ; Southern Pacific Company v. Klinge, 65 F.2d 85 (10th Cir. 1933). Of course, the exercise of that discretion is reviewable by the appellate courts. Mattox v. United States, *supra*; Southern Pacific Company v. Klinge, *supra*. When reviewed, however, the trial court's ruling will be reversed only if an abuse of its discretion is shown. Southern Pacific Company v. Klinge, *supra*; Stephenson v. Steinhauer, 188 F.2d 432, 439 (8th Cir. 1951) ; Ng Sing v. United States, 8 F.2d 919, 922 (9th Cir. 1925). The burden of proof is on the complaining party to show that the misconduct prejudiced his cause. United States v. Stoehr, 100 F.Supp. 143, 157 (M.D.Pa.1951).

We hold that the appellants have failed to show any prejudice in the misconduct of the jury. As a matter of fact, a substantial part of the basis for the jury's "opinion" of Mr. Angel was elicited from appellee Lieber on cross-examination by Mr. Angel. There is no evidence that the discussions affected the jury's verdict. Thus we hold that the District Court Judge did not abuse his discretion in denying the motions for a mistrial and a new trial.

The judgment is affirmed.